IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DONALD DEAN BIEDERMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ASSISTANT WARDEN DEBORAH POWELL, KARI ALSTAD, PETER MOLNAR, and AMBER MASSEY[1],<br><br>Defendants. | CV-18-00016-GF-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Donald Biederman, a prisoner proceeding without counsel, has filed the following motions: Motion for Injunctive Relief (Doc. 36), Motion to Amend (Doc. 46), Motion to Order Defendants to Produce the Same Discovery in Rule 26 (Doc. 50), Motion in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 51), Motion to Order Core Civic Policy Manual and MDOC/CoreCivic Contract (Doc. 52), Motion for the Appointment of Counsel (Doc. 58), Motion for Transport to Pretrial Conference and Clothing (Doc. 59), Motion for Subpoenas (Doc. 60), and Motion to Amend

---

[1]The case caption has been amended to reflect the Court's granting of Mr. Biederman's motion to amend the names of defendants.

1

Transport Order (Doc. 71).[2]

## I.     Motions for Injunctive Relief (Docs. 36, 51)

Mr. Biederman filed a notice of change of address on January 25, 2019 indicating that he has been moved from Crossroads Correctional Center to Montana State Prison. (Doc. 72.) If an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. *See Prieser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). Here, Mr. Biederman is seeking injunctive relief with regard to the medical care he was receiving at Crossroads Correctional Center. He is now incarcerated at Montana State Prison. Accordingly, the motions for injunctive relief should be denied.

## II.    Motion to Amend (Doc. 46)

In his Motion to Amend, Mr. Biederman seeks to amend the names of the Defendants to read Assistant Warden Deborah Powell, Kari Alstad, Peter Molnar, and Amber Massey. (Doc. 46.) Defendants did not respond to the motion.

---

[2]Defendants' Motions for Summary Judgment (Docs. 32, 61, 65) are also pending but will not be addressed herein.

Pursuant to Local Rule 7.1(d)(1)(B)(ii) a failure to file a response brief may be deemed an admission that the motion is well-taken. The motion will be granted and the Clerk of Court will be directed to correct the names of Defendants in the Court's docket.

### III. Motion to Produce Discovery (Doc. 50)

Mr. Biederman's has filed a motion titled "Motion to Order Defendant's to Produce the Same Discovery in Rule 26." (Doc. 50.) To the extent this filing could be construed as a motion to compel, it will be denied. Mr. Biederman does not indicate what discovery he seeks to compel or that he conferred with Defendants regarding these issues as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure or Local Rule 26.3 and as instructed in the Court's Scheduling Order.

### IV. Motion to Order CoreCivic Policy Manual and MDOC/CoreCivic Contract (Doc. 52)

It is unclear to the Court what Mr. Biederman seeks with his "Motion to Order CoreCivic Policy Manual and MDOC/CoreCivic Contract." (Doc. 52.) Defendants construe the filing as a motion to compel CoreCivic's policy manual and the MDOC/CoreCivic contract. To the extent, Mr. Biederman is seeking those documents, he again failed to comply with Rule 37(a)(1) of the Federal Rules of

3

Civil Procedure and Local Rule 26.3.

The Court, however, also reads the motion as a request for an order requiring Crossroads to honor CoreCivic's policy manual which indicates indigent inmates will be provided postage for privileged mail and photocopies. To the extent this motion seeks postage and photocopies, it is moot because Mr. Biederman has been transferred from Crossroads.

The motion will be denied.

**IV. Motion for the Appointment of Counsel (Doc. 58)**

This is Mr. Biederman's third motion for the appointment of counsel. As set forth in the prior Orders denying Mr. Biederman's first two motions for appointment of counsel (Docs. 11, 31), a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Mr. Biederman again argues that this is a complex case because it raises

4

claims of deliberate indifference and medical neglect involving multiple defendants and disputed discovery issues. (Doc. 58.)

Many indigent plaintiffs might fare better if represented by counsel, but this is not the test. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)(*withdrawn in part on other grounds on rehearing en banc by Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual disputes and anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. *Rand*, 113 F.3d at 1525.

Mr. Biederman has still not made a showing of exceptional circumstances. He has not demonstrated a likelihood of success on the merits, he continues to present his claims and arguments sufficiently, and he appears able to articulate his claims pro se. The motion for appointment of counsel will be denied.

## V. Motions for Transport (Docs. 59, 71)

Mr. Biederman seeks transport to and clothing for what he calls a scheduled pretrial conference on February 8, 2019. There is no scheduled conference in this matter. The Court assumes Mr. Biederman is referring to Paragraph 9 of the Amended Scheduling Order which requires the parties to file a proposed final

pretrial order on or before February 8, 2019 but only if no dispositive motions are filed. The February 8, 2019 deadline only applied if no dispositive motions were filed. Defendants have filed dispositive motions, therefore the February 8, 2019 deadline does not apply. The motions for transport will be denied.

## VI. Motion for Subpoenas (Doc. 60)

Mr. Biederman submitted seven motions for subpoenas seeking documents and/or testimony from Montana Attorney General Tim Fox, Ms. Vines the Crossroads Grievance Coordinator, Katin Waters the Crossroads Mental Health Administrator, Claire Charlo, a paralegal with the CSKT Defenders Office, Captain Meyers at Crossroads, and Angela Gohr a nurse at Crossroads. (Doc. 60.)

Subject to certain requirements, a pro se plaintiff proceeding in forma pauperis is entitled to issuance of a subpoena to depose a nonparty and to service of the subpoena by the United States Marshal. 28 U.S.C. § 1915(d). However, pursuant to the Court's August 1, 2018 Amended Scheduling Order, all discovery was to be completed by November 30, 2018. (Doc. 26 at 4-5.) Mr. Biederman filed his proposed subpoenas on January 16, 2019 after the close of discovery. Therefore, the Court will not issue the subpoenas for the purposes of discovery.

Should this matter be scheduled for trial and should Mr. Biederman be able to make an additional showing regarding these witnesses' testimony, the Court

will reconsider the request for issuance of and service of subpoenas.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Biederman's Motion to Amend (Doc. 46) is GRANTED. The Clerk of Court is directed to correct the docket to reflect the Defendants' names to read: Assistant Warden Deborah Powell, Kari Alstad, Peter Molnar, and Amber Massey.

2. Mr. Biederman's Motion to Order Defendants to Produce the Same Discovery in Rule 26 (Doc. 50) is DENIED.

3. Mr. Biedermna's Motion to Order Core Civic Policy Manual and MDOC/CoreCivic Contract (Doc. 52) is DENIED.

4. Mr. Biederman's Motion for the Appointment of Counsel (Doc. 58) is DENIED.

5. Mr. Biederman's Motion for Transport to Pretrial Conference and Clothing (Doc. 59) is DENIED.

6. Mr. Biederman's Motion for Subpoenas (Doc. 60) is DENIED.

7. Mr. Biederman's Motion to Amend Transport Order (Doc. 71) is DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Biederman's Motions for Injunctive Relief (Docs 36, 51) should be DENIED AS MOOT.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of January, 2019.

                                                       */s/ John Johnston*
                                                     John Johnston
                                                     United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Biederman is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.