IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DONALD DEAN BIEDERMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ASSISTANT WARDEN DEBORAH POWELL, KARI ALSTAD, PETER MOLNAR, and AMBER MASSEY<br><br>Defendants. | CV 18–00016–GF–BMM–JTJ<br><br><br><br>ORDER |

Plaintiff Donald Dean Biederman ("Biederman"), a pro se prisoner proceeding without counsel, filed two Motions for Reconsideration. (Docs. 32, 83.) Defendants filed Motions for Summary Judgment. (Docs. 32, 61, 65.)

United States Magistrate Judge John Johnston entered his Order and Findings and Recommendations in this matter on May 16, 2019. (Doc. 86.) Judge Johnston denied as moot Biederman's Motions for Reconsideration. (Docs. 82, 83.) Judge Johnston further determined that no genuine dispute exists regarding any material fact in relation to Biederman's claims. (Doc. 86 at 2.) Accordingly,

-1-

Judge Johnston recommended the Defendants' Motions for Summary Judgement should be granted on the merits and this matter be dismissed. *Id*.

Biederman timely filed an objection on June 12, 2019. (Doc. 82.) Biederman is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent specific objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Biederman's objection presents a reargument of the same allegations that he brought forth in his original Complaint. (Doc. 2.) Biederman further fails to present a legal argument and supporting authority to any part of Judge Johnston's Findings and Recommendations. Therefore, the Court reviews Judge Johnson's Findings

and Recommendations for clear error. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

**IT IS ORDERED** that Judge Johnston's Order and Findings and Recommendations (Doc. 86) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Biederman's Motions for Reconsideration (Docs. 82, 83) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Alstad's Motion for Summary Judgment (Doc. 32) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Alstad's Motion for Summary Judgment (Doc. 61) and the CoreCivic Defendants' Motion for Summary Judgment (Doc. 65) is **GRANTED** and this matter is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 13th day of June, 2019.

_____
Brian Morris
United States District Court Judge